IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-92-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KAILYN LEROY FLACK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's Notice of Insanity Defense (Doc. 23) and the Government's Motion for Examination of Defendant (Doc. 24).

I. Relevant Background

On December 6, 2022, a Bill of Indictment was filed charging Defendant with two firearms offenses pursuant to 18 U.S.C. § 922(g). Doc. 1.

Defendant made an initial appearance on December 28, 2022 and moved for the appointment of counsel. The Court granted the request and Fredilyn Sison was assigned to represent Defendant. The Government moved for pre-trial detention.

On January 4, 2023, Defendant was arraigned. Defendant waived an immediate detention hearing and was detained pending further proceedings.

1

Defendant's trial was initially scheduled for March 6, 2023 but was continued and is currently scheduled for the term beginning on August 28, 2023. In an Order filed on June 12, 2023 (which continued the trial to its current setting), the presiding District Judge extended Defendant's deadline for filing pretrial motions to July 10, 2023. Doc. 21.

On July 11, 2023, Defendant filed the Notice of Insanity Defense ("Notice") pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure. Doc. 23.

One July 12, 2023, the Government filed the Motion for Examination of Defendant ("Motion"). Doc. 24. Defendant responded, Doc. 25, and a hearing on the Motion was conducted on July 14, 2023.

At the conclusion of the hearing, the undersigned ruled orally on the Motion. This Order memorializes that ruling.

## II. Discussion

### A. Examination under 18 U.S.C. § 4242

The Government seeks an Order directing that a psychiatric or psychological examination of Defendant be conducted as a result of the filing of the Notice.

Fed. R. Crim. P. 12.2(c)(1)(B) states that:

> If the defendant provides notice under Rule 12.2(a), the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242.

2

> If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court.

Here, the Notice does not reference section (a) or (b) of Rule 12.2 specifically but does indicate that Defendant, at trial, intends to assert a defense of insanity at the time of the alleged offenses, and during the hearing defense counsel confirmed that Defendant is relying on section (a) of Rule 12.2.

That section provides as follows:

> A defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing *within the time provided for filing a pretrial motion, or at any later time the court sets*, and file a copy of the notice with the clerk. A defendant who fails to do so cannot rely on an insanity defense. The court may, for good cause, allow the defendant to file the notice late, grant additional trial-preparation time, or make other appropriate orders.

Fed. R. Crim. P. 12.2 (a) (emphasis added).

In this case, the Notice was filed on July 11, one day beyond the deadline for the filing of pretrial motions. For the reasons stated during the hearing, however, the undersigned concludes that, for good cause shown, the Notice should be accepted as timely.

Consequently, a psychiatric or psychological examination must be conducted to determine the potential existence of insanity at the time of the alleged commission of the offenses. See 18 U.S.C. §4242(a).

3

B. **Examination under 18 U.S.C. § 4241**

The Government also moves for a hearing on the issue of Defendant's competency to stand trial and requests a pre-trial competency evaluation pursuant to 18 U.S.C. § 4241. Defendant does not object to that request, though defense counsel advises that she, speaking as an attorney and not as a psychologist, believes Defendant is competent.

For the reasons discussed during the hearing, the Court is not persuaded that the current record provides a sufficient basis for the undersigned to conclude there is reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, such that a competency hearing is required and a pre-hearing evaluation may be ordered. See 18 U.S.C. § 4241(a), (b).

**IT IS THEREFORE ORDERED THAT:**

1. The Government's Motion for Examination of Defendant (Doc. 24) is **GRANTED IN PART AND DENIED IN PART**. Specifically, to the extent the Motion requests that Defendant be evaluated for the purposes of determining the potential existence of insanity at the time of the alleged commission of the offenses, the Motion is **GRANTED**. To the extent the Motion requests that Defendant be evaluated for

4

the purpose of determining whether he is competent to stand trial, the Motion is **DENIED WITHOUT PREJUDICE**.

2. Defendant is **COMMITTED** to the custody of the Attorney General for placement in a suitable mental health facility ("Facility") where a psychiatric or psychological examination shall be performed to determine the possible existence of insanity at the time of the alleged commission of the offenses. See 18 U.S.C. § 4242(a). Unless impracticable, the psychiatric or psychological examination shall be conducted in a Facility that is closest to the Court.

3. The commitment shall be for a reasonable period, but **not to exceed forty-five (45) days,** and shall commence on the day Defendant is admitted to the Facility. See 18 U.S.C. § 4247(b).

4. The director of the Facility may apply for a reasonable extension of the commitment, **not to exceed 30 days**, upon a showing of good cause that additional time is necessary to observe and evaluate Defendant. Any such request for an extension must be in writing and submitted to the Clerk of this Court, with copies sent to Defendant's counsel, the Government, and the United States Marshal's Service.

5. The examiner designated to conduct the psychiatric or psychological examination of Defendant shall prepare a report of the examination pursuant to the requirements of 18 U.S.C. § 4247(c), shall file the original report with the Clerk, and shall provide copies to Defendant's counsel and the Government. The report shall be completed **within 14 days** of the conclusion of Defendant's commitment period.

Signed: July 14, 2023

W. Carleton Metcalf
United States Magistrate Judge