IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:22-cr-00092-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KAILYN LEROY FLACK, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Seal Certain Exhibits [Doc. 56].

The Defendant, through counsel, moves the Court for leave to file certain trial Exhibits, under seal in this case.[1] For grounds, counsel states that the exhibits contain private and confidential information, including but not limited to information protected under the Health Insurance Portability and Accountability Act of 1996 (HIPPA). [Doc. 56]. Counsel further states that the exhibits contain information about other individuals who are not the subject of this matter and are entitled to their privacy. [Id.]. Counsel, however, fails to explain why less drastic alternatives to wholesale sealing of the

---

[1] The trial exhibits have not yet been entered into ECF at this time, and therefore do not have assigned document numbers.

exhibits would not be effective, and fails to identify the particular portions of the exhibits that warrant protection.

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, the defendant is still required to file in the public record a redacted pleading with only those portions that are allowed to be sealed having been redacted. United States v. Harris, 890 F.3d 480, 491-92 (4th Cir. 2018).

Here, the Defendant has failed to provide a sufficient basis as to why less drastic alternatives to wholesale sealing would not be effective. The Defendant provides only grounds for why *portions* of the exhibits may be sealed. However, even when grounds are sufficient to allow sealing only portions of a pleading, a defendant is still required to file a publicly accessible version of the pleading that redacts only those portions allowed to be sealed. See Harris, 890 F.3d at 491-92. Further, the Defendant's Motion fails to identify with sufficient specificity the applicable portions sought to be sealed necessary to allow for findings specific enough to determine whether the

2

sealing of those portions is consistent with the First Amendment or common law right to public access. Generally, the more central a piece of information is to the relief a defendant seeks, the greater the public's right to know that information and the less the defendant's right to have such information sealed.

As such, the Defendant's Motion fails to provide a sufficient basis to support a decision to seal the identified trial Exhibits, and for rejecting the alternatives to sealing. For these reasons, the Court will deny the Defendant's Motion. The Court, however, will allow the trial Exhibits to remain temporarily under seal pending the Defendant filing a renewed Motion to Seal that identifies with specificity the portions of the exhibits sought to be sealed and provides sufficient basis for the sealing thereof.

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion to Seal Certain Exhibits [Doc. 56] is **DENIED WITHOUT PREJUDICE**. The Defendant shall file a Motion to Seal that identifies with specificity the portions of the identified trial Exhibits to be sealed and provides sufficient basis for the sealing thereof, as well as a publicly accessible version of the identified trial Exhibits that redacts only those portions sought to be sealed within fourteen (14) days.

3

Case 1:22-cr-00092-MR-WCM   Document 61   Filed 07/01/24   Page 3 of 4

**IT IS SO ORDERED.**

Signed: July 1, 2024

*Martin Reidinger*
Chief United States District Judge