IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:22-cr-00092-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KAILYN LEROY FLACK, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Renewed Motion to Seal Certain Exhibits [Doc. 62].

The Defendant argues that the Court should seal its certain trial exhibits, including psychological evaluations and medical records, because they contain personal information of individuals related to the litigation. [Doc. 62 at 2]. The Court denied without prejudice the Defendant's original Motion to Seal the same documents with instructions to refile their Motion with specific information about which portions of the documents were to be sealed, as well as redacted versions of the documents. [Doc. 61]. The Defendant has filed redacted versions of the sealed documents as exhibits to the present Motion. [Docs. 62-1, 62-2, 62-3].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant's motion was filed on July 12, 2024, and has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the documents at issue contain personal information and identities of people who are not parties to this litigation, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of these materials is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS, THEREFORE, ORDERED** that the Defendant's Renewed Motion to Seal [Doc. 62] is **GRANTED**, and the document filed as Document 35, as well as unredacted Defense Exhibits 2 and 3 and unredacted Government Exhibits 11 and 12, shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: August 7, 2024

Martin Reidinger
Chief United States District Judge